61 F.3d 912
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrew TORRES; Maria Torres; husband and wife; Walter
Torres; Debra Torres; husband and wife, Plaintiffs
- Appellees,
v.
GOODYEAR TIRE & RUBBER COMPANY, INC., Ohio Corp.; Goodyear
Tyre & Rubber Company (Great Britain), Ltd.;
Goodyear International Corporation, a
Delaware Corporation,
Defendants - Appellants.
 No. 94-15092.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 14, 1995.
Decided July 13, 1995.
 
 Before: HUG, ALARCON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This case comes to us from the District Court of Arizona sitting in its diversity jurisdiction. Andrew and Amanda Torres, husband and wife, and Walter and Debra Torres, husband and wife, (collectively "plaintiffs"), sued Goodyear Tire & Rubber Company, Inc. ("Goodyear USA"), Goodyear Tyre & Rubber Company (Great Britain), Ltd. ("Goodyear GB"), and Goodyear International Corporation ("Goodyear International") for injuries sustained by Andrew and Walter in an automobile rollover caused by the separation of the tread from the carcass of a Goodyear Tire. The automobile, a 1977 Triumph, was manufactured in Great Britain. The tire at issue was original equipment on the automobile and was manufactured and sold by Goodyear GB.
 
 
 3
 Following a full trial, a jury returned a verdict finding Goodyear USA liable for plaintiffs' injuries and awarding $220,000 in damages. The jury verdict absolved Goodyear GB and Goodyear International of liability for plaintiffs' injuries.
 
 
 4
 Goodyear USA appeals the district court's orders (1) denying Goodyear USA's motion for judgment as a matter of law because there was insufficient evidence to support the verdict, (2) denying Goodyear USA's motion for a new trial because the jury verdict was inconsistent where the jury found Goodyear GB, the direct manufacturer of the tire at issue, not liable for plaintiffs' injuries, and (3) awarding plaintiffs prejudgment interest for their medical expenses as liquidated damages. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 Motion for Judgment as a Matter of Law
 
 5
 Goodyear USA contends the district court erred in denying its motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) because the evidence presented by plaintiffs to prove the tire was defectively manufactured was insufficient to support the jury's verdict. Judgment as a matter of law is appropriate "only when the evidence, viewed in the light most favorable to the nonmoving party, could not reasonably support the verdict. Dean v. Transworld Airlines, 924 F.2d 805, 810 (9th Cir. 1991). We review de novo the district court's denial of a motion for judgment as a matter of law. Id.
 
 
 6
 Plaintiffs' only evidence relating to the issue of the defective manufacture of the tire was the expert testimony of Lawrence R. Keltner. A significant portion of Goodyear USA's argument on appeal relates to the admissibility of Keltner's testimony. Goodyear USA, however, did not object to the admissibility of Keltner's testimony at trial. Therefore, Goodyear USA's arguments relating to the relevance, reliability, and foundation of Keltner's testimony are reviewable only for plain error. Brown v. Sierra Nevada Memorial Miners Hosp., 849 F.2d 1186, 1191 (9th Cir. 1988). Under plain error review, the trial court's admission or exclusion of expert testimony will be sustained unless manifestly erroneous. Id.
 
 
 7
 Keltner had worked in the tire industry since 1928. While working for the B.F. Goodrich Company, he had managed a department responsible for analyzing the cause of tire failures. During the 1970's, the time period relevant to the manufacture of the tire in the instant case, Keltner had familiarized himself with Goodyear's manufacturing process. Finally, Keltner personally examined the tire at issue in the instant case. Therefore, because of Keltner's experience in the tire industry and his personal examination of the tire at issue, the admission of his expert testimony was not manifestly erroneous.
 
 
 8
 The only remaining issue then is whether Keltner's testimony, viewed in the light most favorable to the plaintiffs, was sufficient to allow a reasonable juror to conclude that it was more likely than not true that the tire was defectively manufactured. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 113 S. Ct. 2786, 2798 (1993) (describing standard under Fed. R. Civ. P. 50(a) for determining whether expert scientific evidence, though admissible, is insufficient to support a jury verdict).
 
 
 9
 Goodyear USA's attack on appeal of the sufficiency of Keltner's testimony is, in truth, an attack on the relevance and foundation of Keltner's testimony (i.e. questions of admissibility). Keltner testified that in his opinion, based on his examination of the tire and his experience in the tire industry, the tire was defectively manufactured. The jury was free to accept or reject this testimony based upon their evaluation of Keltner's credibility and experience in the tire industry. Keltner's testimony, viewed in the light most favorable to the plaintiffs, was sufficient to allow a reasonable juror to conclude that it was more likely than not true that the tire was defectively manufactured.
 
 Jury Verdict
 
 10
 Goodyear USA contends the district court erred in denying its motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a) because the jury's verdict is irreconcilably inconsistent. "[W]hen the motion [for a new trial] is based on an alleged inconsistency in the jury verdict, the question is whether the verdict can be reconciled on any reasonable theory consistent with the evidence." Ward v. City of San Jose, 967 F.2d 280, 286 (9th Cir. 1992).
 
 
 11
 Goodyear USA argues that the jury's verdict holding Goodyear USA liable while at the same time absolving Goodyear GB of liability is irreconcilably inconsistent. Goodyear USA repeatedly characterizes its own liability as being derivative of Goodyear GB's liability for manufacturing a defective tire and attempts to analogize the doctrine of respondeat superior to its own liability. We reject Goodyear USA's characterization of the nature of its liability.
 
 
 12
 Goodyear USA's liability is in no way derivative. In ruling on whether Goodyear USA could be held liable for the defective tire manufactured by Goodyear GB, the Arizona Supreme Court stated that "a trademark licensor may be held liable where a licensee marketed the defective, unreasonably dangerous product as the licensor's, where the licensor's relationship with the technical manufacturer or seller made it a significant participant in the enterprise by which the product is brought to market, and where the licensor controlled or had the ability to control the design, manufacture, or quality of the merchandise." Torres v. Goodyear Tire & Rubber Co., 786 P.2d 939, 947-48 (Ariz. 1990) (emphasis added). The Arizona Supreme Court stated moreover that "trademark licensors who significantly participate in the overall process by which the product reaches its consumers, and who have the right to control the incidents of manufacture or distribution ... are the functional equivalent of manufacturers and sellers." Id. at 946-47 (emphasis added). The Arizona Supreme Court made it clear that Goodyear USA's direct liability for the defective tire results from its control over the design and production of the tire.
 
 
 13
 Goodyear GB is a wholly-owned subsidiary of Goodyear USA. "Goodyear [USA] ha[d] the ability to design the product, provide specifications for its manufacture, and control the method of manufacture and actual production of the tire." Id. at 942. Furthermore, the licensing agreement between Goodyear USA and Goodyear GB provided that Goodyear GB tires must be "in accordance with formulas, specifications, and directions given by Goodyear [USA], and produced from materials approved by Goodyear [USA]." Id.
 
 
 14
 Goodyear USA concedes that a finding of liability against Goodyear GB was not a prerequisite for finding Goodyear USA liable. It argues, however, that because both Goodyear USA and Goodyear GB were defendants in the instant case, the jury's verdict absolving Goodyear GB of liability is necessarily inconsistent with jury's finding that Goodyear USA is liable. Goodyear USA contends that the jury's finding that the direct manufacturer of the tire, Goodyear GB, was not liable calls into doubt whether or not the jury found the tire to be defective. Goodyear USA reasons that because the jury absolved Goodyear GB of liability, it must have found that the tire was not defectively manufactured, and thus, the finding that Goodyear USA was liable was inconsistent.
 
 
 15
 Whether the jury verdict may be susceptible to Goodyear USA's interpretation, however, is irrelevant to the resolution of this case, because our review is limited to determining whether "the verdict can be reconciled on any reasonable theory consistent with the evidence." Ward, 967 F.2d at 286 (emphasis added).
 
 
 16
 In this case, the jury received no fewer than five instructions indicating that for any of the defendants to be liable for the plaintiffs' injuries, the jury first had to find that the product of the defendants was defective. The evidence indicated that Goodyear USA's control over Goodyear GB, through both Goodyear USA's ownership of, and licensing agreement with, Goodyear GB, is extensive. As the Arizona Supreme Court stated, Goodyear USA's "actual ability to control Goodyear GB's production of Goodyear tires is pervasive." Torres, 786 P.2d at 942.
 
 
 17
 The jury could reasonably have found the tire manufactured by Goodyear GB to be defective and yet decided that Goodyear USA's control over both Goodyear GB and its manufacturing processes was so complete that Goodyear USA, and not Goodyear GB, ought to be held liable for plaintiffs' injuries resulting from the defective tire. Because we conclude that this is a reasonable theory which reconciles the jury's verdict, the order of the district court denying Goodyear USA's motion for a new trial is affirmed.
 
 Prejudgment Interest
 
 18
 Goodyear USA contends the district court erred in awarding plaintiffs prejudgment interest for medical expenses as liquidated damages. We affirm for reasons set forth in the district court's thorough Memorandum of Decision and Order filed December 7, 1993.
 
 Conclusion
 
 19
 Plaintiffs' request for sanctions against Goodyear USA for filing a frivolous appeal pursuant to Federal Rule of Appellate Procedure 38 and 28 U.S.C. Secs. 1912, 1927 is denied. The district court's orders denying Goodyear USA's motions for judgment as a matter of law or, in the alternative, a new trial, and granting plaintiffs' request for prejudgment interest for medical expenses are
 
 
 20
 AFFIRMED.
 
 ALARCON, Circuit Judge, dissenting:
 
 21
 I respectfully dissent.
 
 
 22
 I regret that I cannot join in my colleagues' number. I would reverse the denial of the motion for a new trial filed by Goodyear Tire & Rubber Company, Inc., [an Ohio Corporation], ("Goodyear USA"). The record shows that the jury's verdict is irreconcilably inconsistent. The jury's verdict holding Goodyear Tyre & Rubber Company (Great Britain), Ltd. ("Goodyear GB") not liable for manufacturing a defective tire cannot be reasonably reconciled with its verdict that Goodyear USA is liable because Goodyear GB defectively manufactured the tire which caused Andrew and Walter Torres' injuries.
 
 
 23
 In Ward v. City of San Jose, 967 F.2d 280 (9th Cir. 1992), we held that "when the motion [for a new trial] is based on an alleged inconsistency in the jury verdict, the question is whether the verdict can be reconciled on any reasonable theory consistent with the evidence." Id. at 286. In applying this principle in Ward, we reversed because we concluded that "the jury could not have consistently found the officers' actions to be negligent, but at the same time determine that they were not a proximate cause of the harm." Id. at 287. Paraphrasing Ward, the jury in the instant matter could not have consistently found that Goodyear GB was not negligent in manufacturing the tire, but at the same time determine that Goodyear USA, as a licensor, was liable because Goodyear GB negligently manufactured the tire that injured the plaintiffs.
 
 
 24
 This case presents a simple logic problem. The following syllogism demonstrates the flaw in the district court's conclusion that the verdicts were consistent:
 
 
 25
 Under Arizona law, a licensor can be held liable where its licensee defectively manufactured a product.
 
 
 26
 Goodyear GB, a licensee of Goodyear USA, did not defectively manufacture the tire that injured the plaintiffs.
 
 
 27
 Therefore, Goodyear USA cannot be held liable for negligence.
 
 
 28
 A conclusion that the jury's verdicts are consistent defies logic and reason.
 
 
 29
 I would reverse the order denying the motion for a new trial. I would direct the district court to enter a judgment in favor of Goodyear USA pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. Because the jury has found that Goodyear GB is not liable for the defective manufacture of the tire that injured the plaintiffs, and no appeal was taken from the judgment in favor of Goodyear GB, Appellants are precluded from relitigating that issue.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3